IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA MANN,           )
                         )
    Plaintiff,            )
                         )
  -vs-                   )   Civil Action No. 15-1074
                         )
CAROLYN W. COLVIN,       )
COMMISSIONER OF SOCIAL SECURITY, )
                         )
    Defendant.            )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act").  Plaintiff filed her application alleging she had been disabled since May 2, 2012. (ECF No. 7-6, p. 2). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on March 26, 2014. (ECF No. 7-2, pp. 38-91). On June 2, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 21-33).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Substantial Gainful Activity ("SGA")**

At step one of the analysis, an ALJ must determine whether the Plaintiff is engaged in SGA. 20 C.F.R. §404.1520(b). If a person is engaging in SGA, then the person is not disabled, regardless of the person's medical condition, age, education, or work experience. *Id.* Even if the work done was not SGA, "it may show that you are able to do more work than you actually did." 20 C.F.R. § 404.1571. "Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.... Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572. Thus, the SGA analysis is not necessarily a purely an income based analysis. Plaintiff has the burden of demonstrating the absence of SGA. *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

In this case, the ALJ found that Plaintiff had engaged in SGA throughout the relevant period. (ECF No. 7-2, pp. 23-24). Plaintiff argues that the ALJ erred in making this finding.

(ECF No. 12, pp. 10-12). In support of the same, Plaintiff first argues that the evidence submitted shows that Plaintiff is not engaging in SGA. (ECF No. 12, pp. 10-11). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

Plaintiff further argues that the ALJ erroneously made his decision "solely because she (sic) was confused as to what, if any business income the AB Mann Company had and the total amount of monies the company was paying toward her joint bills with her husband." (ECF No. 12, p. 12). After a review of the evidence, I disagree. I do not find that the ALJ in this matter was confused. Rather, the ALJ found Plaintiff's testimony on the matter was not credible and set forth the reasons he came to this conclusion. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). Here, the ALJ appropriately compared Plaintiff's testimony with the documentation provided and found various inconsistencies regarding, *inter alia,* the number of hours worked, the amount Plaintiff was paid, how she was paid, and what bills of hers were paid for by her husband's company. (ECF No. 7-2, pp. 23-24). Thus, I find the ALJ's decision that Plaintiff failed to meet her burden that she is not engaged in SGA was based on substantial evidence. Therefore, I find no merit to this argument.

Since I have found that the ALJ did not err in his determination that Plaintiff has engaged in SGA throughout the relevant period and that there is substantial evidence to support the ALJ's finding that Plaintiff is not disabled under the Act, I need not consider Plaintiff's additional arguments.

An appropriate order shall follow.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA MANN, )
 )
    Plaintiff, )
 )
 -vs- ) Civil Action No. 15-1074
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 2nd day of November, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                BY THE COURT:

                s/ Donetta W. Ambrose
                  Donetta W. Ambrose
                  United States Senior District Judge